UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | BK No.:   21-12369 |
| | ) | |
| THOMAS ROBERT LEAVENS, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Honorable Jacqueline Cox |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### IN SUPPORT OF AN ORDER AWARDING THE CHAPTER 7 TRUSTEE'S COUNSEL, COZEN O'CONNOR, ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

### (DOCKET NO. 56)

| | |
|---|---|
| TOTAL FEES REQUESTED: $ 13,500.00 | TOTAL COSTS REQUESTED: $ 128.80 |
| TOTAL FEES REDUCED:   $ (0.00) | TOTAL COSTS REDUCED:   $ (100.00) |
| TOTAL FEES ALLOWED:   $ 13,500.00 | TOTAL COSTS ALLOWED:   $ 28.00 |

### TOTAL FEES AND TOTAL COSTS: $ 13,528.00

This matter comes before the Court on the second interim fee application of Cozen O'Connor (the "Applicant") for payment of interim compensation for professional services rendered as counsel to the chapter 7 trustee and for reimbursement of expenses incurred for the period from November 1, 2022 to May 31, 2023 (the "Second Interim Application") (Docket No. 56). Therefore, upon the record herein, and only after due deliberation hereto, for cause appearing in the Second Application, the total expenses requested by Applicant in the amount of $100.00 for expenses incurred as counsel to the chapter 7 trustee, it is HEREBY ORDERED that the Application is DISALLOWED in the amount of $100.00 (the "disallowed expenses").

The disallowance in the amount of $100.00 is for the following expense: (1) $100.00 for "Westlaw Research" incurred on January 23, 2023. *See* Second Interim Application (Docket No. 56), pp. 6-7; Ex. A. p. 7.

### I. Rationale for the Disallowed Expenses

When an applicant is seeking reimbursement of expenses, "a fee application should include a detailed itemization of the expenses for which reimbursement is sought, including the date the expense was incurred, the type of expense, and the amount." *In re Eckert*, 414 B.R. 404,414-15 (Bankr. N.D. Ill. 2009) (citing *In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987)). The applicant has the burden to establish that it is entitled to reimbursement of expenses. *Id.* at 415 (citing *In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989)). For the purpose of reimbursement, an expense is "necessary" if "it was incurred because it was required to accomplish proper representation of the client." *Id.* (citing *In re Wildman*, 72 B.R. at 731). The Court does not permit reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B) and 331.

### 1. Research Expenses

"When seeking reimbursement for legal research expenses, '[t]he nature and purpose of the legal

research should be noted' and 'the entry should indicate what matter the material sought will be used in.'" *In Re Lancelot Invs. Fund, L.P.*, No. 08-28225, 2023 WL 3033303, at *2 (Bankr. N.D. Ill. Apr. 20, 2023) (citing *In re Wildman*, 72 B.R. at 708). "Entries of 'research,' 'legal research' or 'bankruptcy research' are insufficient." *Id.* (citing *In re Wildman*, 72 B.R. at 708; *In re Eckert*, 414 B.R. at 415; *In re Meier*, No. 14 B 10105, 2015 WL 1756775, at *6 (Bankr. N.D. Ill. Apr. 13, 2015)).

Courts in this district have denied expenses for "Westlaw research" or "computer research" where the only details given were the "date the research was performed and the amount incurred," reasoning that without additional information, such as "the nature of the topics researched and how the research was pertinent to the case," the Court could not determine whether the expenses were reasonable and necessary. *In Re Lancelot Invs. Fund, L.P.*, 2023 WL 3033303, at *2 (citing *In re Eckert*, 414 B.R. at 415).

The "Westlaw Research" expense is denied for this same reason. *See* Second Interim Application (Docket No. 56), pp. 6-7; Ex. A. p. 7. The "Westlaw Research" expense is denied without prejudice to the applicant filing a supplement to explain, in detail, the necessity for the Westlaw research.

The Court notes that although the Pacer expenses, incurred on 1/4/2023 and 4/4/203, also do not describe in detail what the expenses were for, the Court will allow the expenses, as, unlike undetailed research expenses, the Court has not found any authority supporting denial of Pacer expenses for this reason. Thus, the Court will allow the Pacer expenses in full.

## II. The Allowed Fees and Expenses

In light of the foregoing, it is HEREBY ORDERED that the Second Application (Docket No. 56) is GRANTED in part and DISALLOWED in part, as follows:

1. The Applicant is hereby allowed fees in the amount of $13,500.00 for professional services rendered as counsel to the chapter 7 trustee and reimbursement in the amount of $28.00 for expenses incurred during the second interim period of November 1, 2022 through and including May 31, 2023, in connection with the above-captioned case.

2. The chapter 7 trustee is authorized to pay the Applicant for the professional services rendered and expenses incurred during the second interim period that have not yet been paid.

3. The Court shall retain jurisdiction arising from implementing the Order or Second Interim Application.

**Date**: July 14, 2023

**ENTER**: _____

Hon. Jacqueline P. Cox
U.S. Bankruptcy Judge